HOUSTON, Justice
(concurring specially).
This case, like Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986) (the seminal case on trial court post-verdict review of alleged excessiveness of a verdict), involves only compensatory damages. In Hammond, the case went to the jury on the City’s innocent misrepresentation only. The trial court did not instruct the jury on punitive damages, and the plaintiff did not request an instruction on punitive damages. Therefore, on the remand pursuant to Hammond, the trial court, in this case, is not to consider the “culpability of the defendant’s conduct,” “the desirability of discouraging others from similar conduct,” “the impact on the parties,” and the “impact on innocent third parties.” These are matters to be considered only when the trial court is addressing an alleged exces-siveness of punitive damages.
In General Motors Corp. v. Edwards, 482 So.2d 1176, 1199 (Ala.1985), Justice Maddox, writing for a plurality of the Court, described in detail the Court’s inconsistency in dealing with remittitur and concluded:
“[T]his Court has not yet adopted specific standards for courts to apply in granting or denying remittitur. We believe that the time has come for this Court to study the remittitur practice in Alabama, and to adopt a rule or rules of practice which would ensure the protection of the jury system and the parties’ right to a jury trial, but which would also protect the public’s interest in decreased court costs and a speedy and just determination of every case upon the merits. We do not adopt these standards in this case, because to do so would effect a major change in current remittitur practice, and such a major change should be adopted only after adequate notice and deliberate study by the full Court.”
At that point, there was a footnote stating “Justices Shores and Houston are recused in this case.” In Justice Almon’s dissent in General Motors, concurred in by two other members of this Court, it was noted:
“The purpose of punitive damages is to punish and deter wrongdoing. The nature of the wrong and the wealth of the defendant are pertinent to the decision on the amount necessary to punish the wrongdoer. Because a jury should not consider the wealth of the defendant, it would be proper for the trial court to consider such matters in a post-trial hearing on the motion for new trial or remit-titur.”
482 So.2d at 1200.
Two months later, in a per curiam plurality opinion, Alabama Farm Bureau Mutual Cas. Ins. Co. v. Griffin, 493 So.2d 1379, 1384 (Ala.1986), this Court refused to address the issue of excessiveness:
“This Court has not established specific standards for trial courts to apply in granting or denying new trial motions on the grounds of excessiveness. General Motors Corp. v. Edwards, 482 So.2d 1176 (Ala.1985). We presume that a trial court’s ruling on the issue of damages is correct and we will not disturb such a ruling unless we find it to be a plain and palpable error.”
In Alabama Farm Bureau, three Justices dissented because this Court failed to address the excessiveness issue, just as three Justices had dissented when a plurality of this Court had refused to address the issue of the trial court’s remittitur in General Motors Corp. v. Edwards, supra. Two Justices were recused in Alabama Farm Bureau, just as two Justices were recused in General Motors Corp. v. Edwards. General Motors Corp. v. Edwards involved only punitive damages. The ex-cessiveness issue in Alabama Farm Bureau went only to punitive damages.
Six Justices (Chief Justice Torbert and Justices Faulkner, Jones, Almon, Adams, *1094 and Houston) had voted to require a post-trial hearing on a motion for new trial or remittitur or for this Court to address the excessiveness issue head-on if the issue was properly presented before the trial court, in cases involving punitive damages. Therefore, when directly presented with a remittitur issue in a case involving only compensatory damages {Hammond), and with another case pending before this Court that involved a substantial remittitur of compensatory and punitive damages (Harmon v. Motors Ins. Corp., 493 So.2d 1370 (Ala.1986), which involved a remittitur of $460,000 and which was released the same day as Hammond and relied on Hammond for the resolution of the remit-titur issue), Justice Shores wisely devised a post-verdict trial court review of compensatory and punitive damages that all of the Justices on this Court supported. It seems plain that without a Hammond-type review of punitive damages, punitive damages in Alabama would not have survived a constitutional due process challenge. Pacific Mutual Life Ins. Co. v. Haslip, — U.S. -, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); American Employers Insurance Co. v. Southern Seeding Services, Inc., 931 F.2d 1453 (11th Cir.1991).